# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                     |     |                    |
|---------------------|-----|--------------------|
| STATE OF DELAWARE   | )   |                    |
|                     | )   |                    |
|                     | )   |                    |
|                     | )   |                    |
|                     | )   |                    |
| v.                  | )   |                    |
|                     | )   | ID No. 1201018188  |
|                     | )   |                    |
|                     | )   |                    |
| CLAUDE LACOMBE      | )   |                    |
|                     | )   |                    |
|                     | )   |                    |
|                     | )   |                    |
|                     | )   |                    |

**Submitted**: September 26, 2017
**Decided**: December 21, 2017

*Upon Defendant's Motion for Postconviction Relief,* **SUMMARILY DISMISSED.**
*Upon Defendant's Request for an Evidentiary Hearing,* **DENIED.**

## OPINION

Colleen K. Norris, Deputy Attorney General, Department of Justice, Carvel State Office Building, 820 N. French Street, 7th Floor, Wilmington, Delaware 19801, *Attorney for the State.*

Claude Lacombe, SBI No. 00552189, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, Delaware 19977, *pro se.*

**BRADY, J.**

# I. FACTS AND PROCEDURAL HISTORY

On December 26, 2011, Defendant participated in a robbery with Elijah Pressley, Christie Emmons, and his brother Paul Lacombe, during which two individuals were killed. On January 30, 2012, Defendant was indicted on two counts of Murder in the First Degree, four counts of Possession of a Firearm During the Commission of a Felony, two counts of Attempted Robbery in the First Degree, and Conspiracy in the Second Degree. On April 11, 2013, Defendant pleaded guilty to Murder in the Second Degree, Possession of a Firearm During the Commission of a Felony, Attempted Robbery in the First Degree, and Conspiracy in the Second Degree. Defendant was sentenced to life imprisonment for the Murder in the Second Degree, plus additional time on the related charges. On October 7, 2013, Defendant filed a *pro se* Motion for Modification of Sentence. The Court denied the Motion, finding the sentence imposed was appropriate for the reasons stated at the time of sentencing. The Court also noted that the Motion for Modification of Sentence was not the proper motion to challenge compliance by the State with the plea agreement or conduct of defense counsel.[1]

Defendant filed a direct appeal of his conviction on October 15, 2013. While the appeal was pending at the Supreme Court, Defendant filed in this Court, through counsel, a second Motion for Modification of Sentence on December 6, 2013. On May 30, 2014, the Delaware Supreme Court affirmed Defendant's conviction and sentence, finding the Defendant's sentence "does not raise an inference of gross disproportionality, the Court does not undertake the second

---

[1] See Order denying Def's Motion for Modification of Sentence, *State v. Lacombe*, ID. No. 1201018188, Docket 50 (Oct. 30, 2013).

2

step of the *Crosby*[2]analysis."[3]  On August 26, 2014, this Court denied Defendant's second Motion for Modification of Sentence.[4]

On May 29, 2014, Defendant filed his first *pro se* Motion for Postconviction Relief and a Motion for Appointment of Counsel.  Counsel was assigned to represent Defendant, and on December 3, 2015, appointed counsel filed an Amended Motion for Postconviction Relief.  In the Amended Motion, Defendant argued that trial counsel was ineffective for failing to present mitigating evidence at the sentencing hearing and failing to demand specific performance of his plea agreement.  Defendant also argued that appellate counsel was ineffective for failing to adequately represent Defendant because he relied on only one case to argue that Defendant's sentence was unfair.  This Court summarily dismissed Defendant's Motion, finding that Defendant's appellate counsel claim was procedurally barred as previously litigated, and Defendant's trial counsel's performance was objectively reasonable and the Defendant failed to demonstrate prejudice from any alleged deficiency.  The Delaware Supreme Court affirmed the decision.[5]  While the Supreme Court disagreed that Defendant's appellate counsel argument was previously adjudicated, it agreed with this Court's alternative basis that Defendant failed to demonstrate prejudice "given this Court's continuing view that there was nothing grossly disproportionate about sentencing Lacombe to life in prison for his role in the shooting deaths of two people.[6]

On June 19, 2017, Defendant filed the current *pro se* Motion for Postconviction Relief, asserting claims of ineffective assistance of appellate counsel; prosecutorial misconduct;

---

[2] *Crosby v. State*, 824 A.2d 894 (Del. 2003).
[3] *Lacombe v. State*, 93 A.3d 654, *2 (Del. 2014).
[4] See Letter Opinion denying Def's Motion for Modification of Sentence, *State v. Lacombe*, ID. No. 1201018188, Docket 72 (Aug. 26, 2014).
[5] *Lacombe v. State*, 163 A.3d 708 (Del. 2017).
[6] *Id.*, at *4.

violations of Delaware Rules of Evidence; defective arrest warrant; and actual innocence.[7] On September 26, 2017, the matter was referred for decision. This is the Court's ruling.

## II. DEFENDANT'S CLAIMS

For ease of convenience, the Court has used the designations of the claims established by the Defendant in his *pro se* Motion for Postconviction Relief.

Ground I. Ineffective Assistance: Defendant claims ineffective assistance of appellate counsel and asks the Court "for a complete review[sic] of appellate counsel's performance on Direct Appeal where counsel was ineffective for failing to meet both 2 prong *Crosby* standard on Disproportionate Sentencing argument."[8] Defendant argues that appellate counsel failed to provide an argument contrary to the Court's ruling in 2014 that found Defendant set the events in motion that led to the shooting deaths of two people.

Ground II. Prosecutorial Misconduct: Defendant claims the State's reference at the sentencing hearing to rap lyrics, which were written by Defendant, was improper under Delaware Rules of Evidence 404(b).

Ground III. Prosecutorial Misconduct: Defendant contends the State "improperly vouched" at the sentencing hearing that the Defendant chose not to show his face because he intended to rob the victims again later. Defendant contends the State's statement was improper, and contradictory to what the lead investigator said during the preliminary hearing.[9]

Ground IV. Prosecutorial Misconduct: Defendant argues that the State prejudiced the Defendant at sentencing by "vouching" that co-defendants Elijah Pressley and Christie Emmons were willing to testify and that their statements were credible.

---

[7] Def's *pro se* Motion for Postconviction Relief, *State v. Lacombe*, ID No. 1201018188, Docket 100 (Jun. 19, 2017) (hereinafter "Def's Mot).
[8] Def's Mot., at 1.
[9] *Id.* at 11.

Ground V. Prosecutorial Misconduct and Ineffective Counsel: Defendant contends that the State denied him an opportunity to review co-defendants' statements that were made four days before his plea hearing. Defendant also contends that trial counsel was "ineffective for failing to ask 'adverse party' for 'fair-opportunity' to prepare to meet it.[10]

Ground VI. Prosecutorial Misconduct: Defendant contends the State's statements at the sentencing hearing regarding the Defendant filing a motion on behalf of his brother, Paul, to discharge Paul's attorneys, was improper. Defendant contends the statements were used as evidence of "uncharged misconduct" to show bad character and thus inadmissible.

Ground VII. False Arrest Warrant: Defendant argues the arrest warrant contained "irrational inferences from evidence of statements by inferring that this defendant shot one victim and attempted to physically rob each victim."[11] Defendant contends the allegations in the arrest warrant lacked evidentiary support and, thus he is entitled relief on each charge, and requests all the convictions be set aside.[12]

Ground VIII. Actual Innocence: Defendant claims he is not guilty of Murder in the Second Degree because the murder was not committed in furtherance of the robbery, instead, the murder was committed while attempting to escape.

## III. PROCEDURAL BARS

Before addressing the merits of Defendant's claims, the Court must apply the procedural bars set forth in Superior Court Criminal Rule 61(i) in effect at the time the motion was filed. Pursuant to that version of Rule 61, this Court must reject a motion for postconviction relief if it is procedurally barred. The Rule provides that a motion is procedurally barred if the motion is

---

[10] Id. at 22. (Defendant argues the State violated Delaware Rules of Evidence 807 in denying him an opportunity to review the co-defendants' statements).

[11] Def's Mot., at 30.

[12] Id. at 31.

untimely, repetitive, a procedural default exists, or the claim has been formerly adjudicated. Rule 61(i)(1) provides that a motion for Postconviction relief is time bared when it is filed more than one year after the conviction has become final or one year after a retroactively applied right has been newly recognized by the United States Supreme Court or by the Delaware Supreme Court.[13] Rule 61(i)(2) provides that a motion is repetitive if the defendant has already filed a motion for postconviction relief and that a claim is waived if the defendant has failed to raise it during a prior Postconviction proceeding, unless "consideration of the claim is warranted in the interest of justice."[14] To overcome the procedural bar of Rule 61(i)(2), the Rule provides a defendant must satisfy the pleading requirements of Rule 61(d)(2), which provides:

> (2) A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:
> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[15]

Rule 61(i)(3) bars consideration of any claim "not asserted in the proceedings leading to the judgment of conviction, unless a defendant can show "cause for relief from procedural default" and "prejudice from violation of the movant's rights."[16] Rule 61(i)(4) provides that any claim that has been adjudicated "in the proceeding, or in the deferral habeas corpus proceedings" is barred "unless reconsideration of the claim is warranted in the interest of justice."[17]

---

[13] Super. Ct. Crim. R. 61(i)(1).
[14] Super. Ct. Crim. R. 61(i)(2).
[15] Super. Ct. Crim. R. 61(d)(2).
[16] Super. Cr. Crim. R. 61(i)(3).
[17] Super. Cr. Crim. R. 61(i)(4).

6

## IV. DISCUSSION

Defendant has previously filed a Motion for Postconviction Relief, which was summarily dismissed by this Court. The Delaware Supreme Court affirmed the dismissal. All of the procedural bars of Rule 61(i) apply to Defendant's Motion. Defendant's claim of ineffective assistance of appellate counsel for failing to meet the two-prong *Crosby* standard for disproportionate sentence is procedurally barred under Rule 61(i)(4), because the contention has already been raised and adjudicated in his first postconviction motion.[18]

Defendant's claims of prosecutorial misconduct claiming the State made improper statements or improperly vouched during the sentencing hearing, and thus prejudiced the Defendant, are procedurally barred under Rule 61(i)(3), because the Defendant failed to raise these issues previously. Defendant filed two Motions for Modification of Sentence, where he could have raised issues regarding sentencing procedures, but failed to do so. Even if Defendant had timely raised these issues, the Court finds there is no merit to Defendant's claims.

Defendant's claim that the arrest warrant was defective is also procedurally barred under Rule 61(i)(3), because it was not raised in the proceedings leading to the judgment of conviction. Lastly, Defendant's claim of actual innocence is procedurally barred under Rule 61(i)(2), because Defendant does not plead with particularity that new evidence exists that creates a strong inference that he is actually innocent in fact of the acts underlying the charges of which he was convicted or plead with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to his case and renders the conviction invalid. Because the Defendant

---

[18] See *State v. Lacombe*, 2016 WL 6301233 (Del. Super. Ct. Oct. 25, 2016).

does not meet the exceptions to the procedural bars, the Motion must be dismissed summarily, and the Court concludes there is no need for a hearing.

## V. **CONCLUSION**

For the aforementioned reasons, Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED.** Defendant's request for an Evidentiary Hearing is **DENIED.**

**IT IS SO ORDERED.**

**M. Jane Brady**
Superior Court Judge

8